Please the court. Hold on one second. Please proceed. Please the court. Your Honor, Ryan O'Quinn on behalf of Edward Bronson. This is a section 5 case. It's a registration case arising in the securities context. It is not a fraud case which would have been fled under 10b or 17a. That is an important thing to understand the appeal that's before you. This appeal challenges the enforcement of a void judgment. The judgment is void because the agency did not have the authority to bring the action that it brought. The judgment is also void and separately void because the court did not have the authority to correct? No, Your Honor, I don't think that's correct. The recent authority has revealed that the court did not have the authority at the time. Just because the courts have interpreted an authority. But my point is the judge was not ignoring established law when the order was first entered. It subsequently became clear. That is correct. I am not I am not impugning the intent of the court but rather the the judgment that was entered based on a body of law that was accepted for many years. It was the product of an intentional effort by the SEC and other administrative agencies to expand their own power. And after decades of success and expanding their own power, the Supreme Court has now. When were you first aware of this change in legal landscape? So, Your Honor, I think that's a great question because it goes to an abandonment question. I understand. It's a I think to answer that question I would refer you to Judge O'Scanlan's opinion in AMG. It's a Ninth Circuit opinion written as a concurring opinion to the panel opinion that he also participated in. And what it shows is that the law has gone through a period where it was, in the words of O'Scanlan, untenable. But not necessarily enforceable. For instance, looking at Kokesh, the Supreme Court dropped footnote number three. And by dropping footnote number three, it But it didn't change the fact that its reasoning needed to be continuous throughout the law. It has taken time for courts to understand the meaning of Kokesh, the meaning of Liu, and it is the development of that law that comes all the way up to Blackburn, just at the time that we were litigating this for courts to apply it. So while I understand... To get to it, Liu has decided on June 22nd of 2020, your 60B motion is filed more than a year later on November 22nd, 21. And so that's the concern about the timeliness of it. Help us out. Absolutely, Your Honor. So, Your Honor, this is a complex issue of law. When we look at the process that must be followed to challenge this, there are a number of competing concerns. Certainly you could run and immediately seek a relief of the appellate court early on, and if you had the foresight to see the development of the law, preserve those arguments. But in the absence of that, what we did is proceed through the court, notifying the court of, by motion, first of the change of the law, and then by motion, to give the court the opportunity to weigh in on through the 60B, and then appeal the court's ruling on the 60B. If not, I'm losing you a little bit. My concern is, especially with respect to 60B-5, why the district court erred in finding that untimely, given that you had Liu in June of 20. Indeed, you indicated you were going to file a 60B motion was anticipated in July of 21, and yet you waited until November of 21, the end of 60B. Why isn't the district judge within his rights in saying this is untimely? Because, Your Honor, if the judgment is void on the date that it's entered, it does not become unvoid by the passage of time. The absence of the challenge immediately... But now we're talking about the timeliness of your motion. I understand with respect to 60B-4, there's some question about affording you some deference on the timeliness of the motion, but not 60B-5. Well, I think it's a fact-based inquiry, Your Honor. To me, the interplay between 12B-4 and 12B-5 relates to this specific case. If this court were to find, for instance, that the SEC did not have the authority to bring the action in the first place, and that the action that followed was entirely void, the entire judgment that came out of it would be void. 12B-5 looks at the circumstance in which this court may find that a portion of that judgment is somehow valid. So, for instance, the penalty element, and identifies that if that's the case, the improper relief, the punitive relief that was not provided by statute, which is itself a partially void judgment, is not enforceable, and it is a 12B-5 satisfaction. If you were to clarify that our decisions did intend to indicate that voidness means a lack of personal or subject matter jurisdiction, that that's the limit of voidness for 60B-4, do you have any argument as to the timeliness of your 60B-5 motion? Yes, Your Honor. I believe that the 60B-5 motion was appropriately placed before the court. It takes into account the reasonableness of the factual circumstance that was facing this particular defendant. It is absolutely certain that there's an unquestionable change in the law, but the nature and edges of that change is still being contoured today by courts. SEC v. Blackburn is the first time an appellate court has applied that, and it is in a Section 5 case, which is a public violation. It's not a securities case. Why you would have needed AMG, where it's not a securities case, is a little perplexing to me. And in any event, you didn't file, I mean, your argument to us is based on basically Kokesh and Liu. I'm not sure I understand why we should, if your voidness argument fails, why we should think this waiting for more than 60B-5 is a violation of the statute. Waiting more than a year to file your 60B-5 was timely. Why the district court couldn't reject it is untimely. Your Honor, because we couldn't, the defendant could not file the motion after Kokesh because Footnote 3 expressly prescribed its application in that specific instance. Liu itself gave prospective advice to the SEC on what it could do, but did not provide as clear a description in a case like this of exactly what would be improper. It's not until you have subsequent cases interpreting that, like Blackburn, that help to clarify that not only is joint and several not acceptable, but it has to be returned to victims. So you reserve three minutes for rebuttal? Yes, Your Honor. We'll hear from the Governor. Good morning, Your Honors. May it please the Court. Rachel McKenzie for the SEC and representing the Scottish heritage, I guess, this morning rather than Irish. Mr. McQuinn started by saying that this is a Section 5 case. That's true of the underlying case, but what I would emphasize is that this is a Rule 60B case. This court affirmed the final judgment in this case against Mr. Bronson in 2018. He's currently incarcerated because he's refused to pay that judgment despite his ability to do so. He's got four options for securing his release from prison. He can demonstrate that the court should take the extraordinary step of reopening this years-old judgment under Rule 60B, which the district court reasonably concluded he failed to do. Can I ask you a question, just out of interest? Yes, Your Honor. How often is it the case that defendants in civil SEC actions are imprisoned as a result of a contempt order? I mean, it's not common, Your Honor, because I think as the district court appropriately recommended and we acknowledge too, incarceration is an extraordinary remedy. It's why. How often do you know? I don't know how often. There are cases. We cited a couple in our brief. Universal Express is one. What circumstances does the SEC decide to pursue that course of action? It would have to be a case similar to this one, Your Honor, where defendant is given multiple opportunities to either comply or show that he is unable to comply and consistently fails to do so. And in this case, it was particularly the avenue that we went down because securing something like an asset freeze or writs of garnishment would be difficult because as the record demonstrates, as soon as money comes into Mr. Bronson, it goes out. At page A726, I believe it is, of the November contempt hearing, Mr. Bronson acknowledged that he spent $62,000 in retail expenditures in three months when he was supposed to be complying with a payment plan that he agreed to and then violated that agreement. Can I ask you about your argument that the order here in any event is within the limits that Lou set? Yes. The award has to not exceed gain, and you make the argument for why it satisfies that. But there's also the suggestion that it has to basically go to restore the victims, not just add to the government's coffers. And your adversary argues that you haven't identified any victims. What will the SEC do if it collects the money but cannot identify the victims? What will happen to any such money? Well, so first we need to get the money in, which is part of the issue here. If we get the money in, we would be proposing to the district court a plan to distribute to victims. This is a case where... You think you can identify the victims? We do, Your Honor. This isn't a case where there are no victims. This is a case, because it is a Section 5 case about selling unregistered securities in violation of resale restrictions, it's not that there are no victims, it's that there are so many. Too many. Exactly. But we have already, you know, we haven't put pen to paper, because we haven't gotten there yet, because of course Mr. Bronson's actively thwarting our efforts to collect. But we've got an idea of how we would go about doing this. There should be a paper trail. Exactly, Your Honor. Because of the transaction. Exactly, Your Honor. There's 63 tickers. We can look at who was buying the securities on the same day. Obviously we'd want to put some limits to make sure that it's distributed fairly and equitably. But yes, we have thoughts of how we might do that once we get the money in, which again, Mr. Bronson... I do want to take one step back from that. Yes, Your Honor. With respect to the voidness argument here, you say that should be limited to situations where the court lacked personal or subject matter jurisdiction. Yes, Your Honor. Why were those references not illustrative rather than limiting? Well, it's not me saying that, Your Honor. That's this court and Romerill and Nicholas Pawn. Right. The court didn't say it was only that it used them as... Well, actually, I would point, Your Honor, to the Nicholas Pawn shop, 645 F3rd at 138. A judgment is void under Rule 60b-4 if the court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process law. But it didn't say it's void only of those things. And so that's why I'm asking, why is that not illustrative of voidness as opposed to exhausting? Well, I think this court was very specific in Romerill to limit it to those two situations. It says a very particular kind of jurisdictional error that is subject matter jurisdiction or personal jurisdiction. We've said in the past that a limitation on remedy didn't go to subject matter jurisdiction. Well, the Supreme Court has certainly said that, Your Honor, in Biden v. Texas. It said that back in the 70s in Schlesinger. It said that. Right. So the question wasn't whether the SEC had the authority to seek enforcement. It was a question whether the district court had a particular remedy within it. And that question is still, even in the context of the Supreme Court's current jurisprudence, open in the context of if you're able to identify the victims. I mean, Lew was a remand, right? There was a remand to identify- It was a remand. If the district court could identify the appropriate victims for further proceedings to see if the remedy then fit within the confines as the Supreme Court defined. Yes, that's right, Your Honor. But I would emphasize that what Lew said was that it's an open question whether or not, if victims are not identified, it can go to Treasury. So that's something the district court has to address. That's still an open question. Right. And it's an open question in this case, Your Honor, because, of course, as in Lew, there is no order in this case directing funds to Treasury. Right. So if, for instance, after you identified the victims there was still a pile of money that hadn't been distributed, Mr. Watson could argue that it should come back to him, but you could argue it should go to some other kind of victim fund or something like that. We could, Your Honor. I mean, ultimately, all of these questions are up to the district court to decide where it's most equitable to send that money. And I would just, getting back to the 60 v. 4 question, the reason why we're talking about voidness is because the idea is the court didn't have jurisdiction over the case at all. That's Michaelis-Pawnshop. Total want of jurisdiction, which is plainly not true here. Even Mr. O'Quinn agrees that the court had subject matter jurisdiction and personal jurisdiction over the case and could enter a penalty. So even at that, you know, that's it. There's no 60 v. 4 argument here at all. And then once you get past that, when you're talking about 60 v. 5 or 60 v. 6, he does have a serious timeliness issue, Your Honor. Your Honor, I was actually listening to the oral argument in the Penn case from earlier this year last night, and Your Honor asked an excellent question, which is- I have no memory of that case at all either. He's just explaining how good a question it was. You asked an excellent question, Your Honor, which is that if it's so obvious that you should get relief under lieu, which of course is what he would have to show to get Rule 60B relief, then why did it take you 17 months, in that case it was actually only three months, to file your motion? And as Your Honor noted, Mr. O'Quinn got up in front of the district court in July of 2021 and said, I'm going to file this motion, and then didn't do it for another five months until, I think, two business days before a contempt hearing when it was clear that the district court was pretty fed up and was getting close to deciding that incarceration was an appropriate remedy. Let me just ask you, on the 60B4 issue, we do seem to have, in grace, the bank liumi in 2006 have suggested, at least in language, that the judgment is void only if the court that rendered it lacked jurisdiction of the subject matter or personal jurisdiction. Yes, absolutely, Your Honor. We believe that this court has said multiple times now that 60B4 is limited to subject matter or personal jurisdiction, and in Mr. Bronson's reply brief at page 10, he specifically says, I am not challenging the subject matter or personal jurisdiction of the district court. Unless Your Honor has further questions? Thank you very much. Thank you. Mr. O'Quinn. Thank you, Your Honor. I'd first like to address the idea of victims. It's important to understand that a Section 5 violation, a registration violation, is a public violation. It is not a securities violation that identifies a fraud or deceit on a particular person. They confirm that they understand that. If you pay the money, they'll look for the victims. And if they're not able to distribute, you and the SEC can argue in front of the district court as to what should happen to the remainder. But they understand they can't just put it in the treasury. It's more than that, Your Honor. There are no victims. The victims that purchased freely tradable shares received freely tradable shares. They are not victims. They did not receive something less than what they bargained for. They did not lose property because of deceit. So those are all arguments you can make once you pay the money, and the question is how to distribute it. But that's not what SECB Graham, which is an Eleventh Circuit case affirmed by Kokesh, says. What it says is you have to look to the complaint to see whether or not the agency has the authority in the first place. You don't wait until a judgment is entered to see whether it tailors to the limited authority of the agency. You look to the complaint that's pled. And so it can't be— I'm sorry. Yes? Can you go back a second? Yes, Your Honor. Is your argument that a Section 5 violation has no victims necessarily? None other than the public or the investors at large, which is not a sufficiently particularized victim. Yes, Your Honor. It is no different than a speeding violation. No, I just wanted to make sure I understood your argument. Yes, Your Honor. A Section 5 violation does not victimize an investor. It does not—or a particular investor. It is a public violation. Yeah, they say the same thing about insider trading violations. That's correct. So you would agree with that, too? Yes, Your Honor. And that's why today the SEC doesn't seek disgorgement in insider trading cases or in Section 5 cases. So from a 12B6 standpoint, to leave this judgment would to leave Mr. Bronson being treated than all the other people that get treated today. Let me ask you this. That was an argument you could have made on direct appeal. Yeah, Your Honor. There are many arguments that when— So to the extent you are raising any arguments here that you could have made on direct appeal, I don't know why we're entertaining them on a 60B motion. Your Honor, Your Honor, the question of abandonment, which there's a great case, U.S. v. Campbell, that the 11th Circuit en banc just had a very robust and spirited discussion on forfeiture versus waiver. We are asked to choose our arguments and to go forward with those best arguments. Your Honor, but we have a body of case law that says 60B cannot substitute for arguments that could have been raised on appeal. I mean, you agreed that that's the law in this circuit. I do, Your Honor. So to the extent this argument that no disgorgement, no damages could be the result of a Section 5 violation, you could have raised that on appeal. Your Honor, we did raise that argument in this appeal by saying that they are not—that they did not plead in the complaint a manner that would require them to return it to specified individuals. You didn't raise that on direct appeal. Yes, Your Honor, we did. And you didn't. Yes, we did, Your Honor, we did. You did? Yes, Your Honor. And the outcome was? No, Your Honor, we raised it before this court and before the district court that they have not identified specific investors. Throughout the entire proceeding, both at the 60B district— Did you raise the argument you just made to us about Section 5 and what could—whether there were any victims and whether any order of disgorgement could be raised? Did you raise that on direct appeal? We didn't word it that way, but yes. The answer is, throughout this proceeding, we have said that it must plead in the complaint and have a mandatory obligation— No, Your Honor, but we have regularly and continuously said they failed to identify individual victims, and the reason I'm telling you today that they failed is because they cannot. That's not a separate legal argument, Your Honor. Thank you. It's the same argument we raised. So we've got your argument well in mind. Thank you. Thank you both. Thank you. That concludes today's final argument on today's argument calendar, and I'll ask the Courtroom Deputy to adjourn court. Thank you.